1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAREN DENNEY,

               Plaintiff,

     v.

F. RODO,

               Defendant.

Case No. 1:12-cv-00373-LJO-DLB PC

**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER**

ECF No. 8

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS**

Plaintiff Daren Denney ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  On April 23, 2012, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or to pay the filing fee.  As of the date of this order, Plaintiff has not responded or otherwise complied.  On September 14, 2012, the Court ordered Plaintiff to show cause why Plaintiff has not returned a completed Consent to Assignment or Request for Reassignment form.  As of the date of this order, Plaintiff has not responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

1    appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)

2    (per curiam).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

3    an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*

4    *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

5    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

6    requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

7    (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

8    address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

9    comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

10   failure to lack of prosecution and failure to comply with local rules).

11          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

12   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

13   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

14   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

15   (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at

16   1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

17          In the instant case, the Court finds that the public's interest in expeditiously resolving this

18   litigation and the Court's interest in managing the docket weigh in favor of dismissal  The third

19   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

20   injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*

21   *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

22   cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

23   Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

24   satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833

25   F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated: "If Plaintiff fails

26   to show cause or otherwise timely respond, the Court will dismiss this action without prejudice for

27   failure to obey a court order."  Thus, Plaintiff had adequate warning that dismissal would result from

28   his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that

1.      This action be DISMISSED for failure to obey the Court's September 14, 2012 Order; and

2.      The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **October 19, 2012**                          /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE